IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ISAAC D. CASTILLO,

    Plaintiff,

v.                                                          CASE NO. 5:13-cv-269-RS-GRJ

LOCKE, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate in the Florida Department of Corrections presently confined at Hamilton Correctional Institution, initiated this case by filing a complaint pursuant to 42 U.S.C § 1983 (Doc. 1) and a motion for leave to proceed as a pauper. (Doc. 2.) The case is before the Court for initial screening pursuant to 28 U.S.C § 1915A. On August 12, 2013, the Court ordered Plaintiff to show cause on or before September 11, 2013, as to why this case should not be dismissed for abuse of the judicial process because Plaintiff failed to truthfully disclose all of his prior federal cases, as required on the complaint form. (Doc. 4.) Plaintiff has filed a response. (Doc. 5.)

Plaintiff executed the civil rights complaint form under oath. (Doc. 1 at 20.) Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim,

or prior to service," and if so to "identify each and every case so dismissed." (Doc. 1 at 3-4.) The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." ( Doc. 1 at 3.) Plaintiff responded "No" to the questions regarding whether he has initiated any prior cases regarding the conditions of his confinement, and disclosed only one case (*Castillo v. Perez,* Case No. 1:12-cv-22455-RNS, S.D. Fla., dismissed as untimely) in the section asking whether he ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service. (Doc. 1 at 4.)

A review of the Court's PACER Case Locator reflects that, contrary to his sworn allegation, Plaintiff has filed two prior federal prisoner civil rights cases, a § 2255 motion to vacate, and a § 2254 petition for habeas corpus. *See Castillo, et al., v. U.S. Federal Public Defender's Office*, Case. No. 1:07-cv-21729-ASG, S.D. Fla. (civil rights suit dismissed August 16, 2007, for improper joinder of plaintiffs); *Castillo v. Department of Corrections Miami Dade County et al.,* Case No. 1:09-cv-21127-PAS, S.D. Fla. (civil rights suit dismissed December 2, 2009 for lack of prosecution); *Castillo v. United States*, Case No. 1:09-cv-22651-DLG, S.D. Fla. (§ 2255 motion to vacate denied September 13, 2011); *Castillo v. State of Florida,* Case No. 1:11-cv-21982-JAL, S.D. Fla. (§ 2254 habeas petition denied September 6, 2012; COA granted by Eleventh Circuit on May 14, 2013).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe *all* previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the

judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form -- while attesting to the Court that the answers are made under oath -- impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In his response to the Order to Show Cause, Plaintiff contends that he did answer the questions on the form truthfully because he did not have the information about his prior cases due to the FDOC's negligence in losing his legal paperwork. Plaintiff also contends that he checked "no" in Section IV of the Court's form because he thought he was only required to answer affirmatively if he had three or more strikes under 28 U.S.C § 1915(g). Finally, Plaintiff argues that any error is harmless because the Court was able to find his prior cases on PACER, and that the Court should add a "not sure" checkbox to the form so laypersons like himself will not be "accused falsely of purposely attempting to mislead the court." (Doc. 5.)

Plaintiff's arguments are unavailing. First, lack of paperwork does not mean that Plaintiff was unaware of his previous cases. To the contrary, his response evidences that he recalled *Castillo v. Department of Corrections Miami Dade County et al.*, Case No. 1:09-cv-21127-PAS, S.D. Fla. (civil rights suit dismissed December 2, 2009 for lack of prosecution), because he described the circumstances under which the case was dismissed. Plaintiff attempts to recast the truth of his litigation history yet again when he states that the Court could only find one other prior civil rights case. To the contrary,

the Court identified two civil rights cases Plaintiff failed to disclose, the other case being *Castillo, et al., v. U.S. Federal Public Defender's Office*, Case. No. 1:07-cv-21729-ASG, S.D. Fla. (civil rights suit dismissed August 16, 2007, for improper joinder of plaintiffs). As to Plaintiff's contention that he understood the form to only require disclosure of cases if he was a "three-striker," this is in conflict with the plain language of Section IV of the form, which makes no mention of 28 U.S.C § 1915(g) and clearly states, in all capital letters: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." A "harmless error" analysis does not apply to the Court's assessment of Plaintiff's lack of candor with the Court, and Plaintiff is advised that, for the reasons described above, truthful responses–regardless of the Court's ability to retrieve case information at a later date–are required.

     Plaintiff has failed to truthfully disclose his prior cases in accord with the plain language instructions of the form and has failed to show any excuse for his lack of candor. Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for abuse of the judicial process. Such dismissal should be without prejudice to Plaintiff's right to refile his claims, but will operate as a "strike" pursuant to 28 U.S.C § 1915(g).

     **IN CHAMBERS** this 27th day of September 2013.

                              *s/Gary R. Jones*
                              GARY R. JONES
                              United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**